PHILLIP A. TALBERT
United States Attorney
NIRAV K. DESAI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-0053 WBS |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| TIMOTHY CHAPIN,<br>MANUEL AGUEROS,<br>PAUL FOURNIER,<br>ROBERT LAUTENSLAGER,<br>JEFFREY REILLEY,<br>JORGE EGUILUZ, | |
| Defendants. | |

Plaintiff United States of America ("government"), by and through its counsel of record, and defendants Timothy Chapin, Manuel Agueros, Paul Fournier, Robert Lautenslager, Jeffrey Reilley, and Jorge Eguiluz (collectively, "Defendants"), by and through their respective undersigned counsel of record, hereby jointly request, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that the Court approve the parties' stipulation and enter the proposed protective order below ("Protective Order") governing the disclosure by the government of certain documents and information containing private and sensitive information, including personally identifying information, employment information, and financial records of numerous persons, as well as business information of the entities referred to in the indictment as Company 1 and Company 2. By this stipulation, the parties agree and stipulate as follows:

1. WHEREAS, the Defendants are variously charged in the indictment with counts including conspiracy to commit mail and/or wire fraud, substantive mail and/or wire fraud, and conspiracy to commit money laundering;

2. WHEREAS, the government possesses, and in the future may come into possession of, discovery and other materials in this case that contain, among other things, personally identifying information, private financial information, and employment information about individuals including co-defendants and third parties, as well as sensitive business information of victims identified in the indictment as Company 1 and Company 2;

3. WHEREAS, the government wishes to produce and/or make available to the Defendants and their respective counsel the documents and information described above, or similar material that might come into the government's possession in the future, but believes that because of the nature of such documents and information, it is appropriate for the Court to enter a protective order containing the provisions below;

4. WHEREAS, such materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

5. WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

6. WHEREAS, the Defendants each have counsel who wish the opportunity to review the discovery and other materials;

The government and the Defendants, by and through their respective counsel of record, hereby agree and stipulate to a Protective Order with the following provisions:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. Some materials to be provided or made available by the government to the Defendants as discovery or out of an abundance of caution relate to, or contain private and sensitive information about, co-defendants and individuals other than the Defendants, are not public information, and include but are

not limited to: records, investigative or agency memoranda or reports, witness statements, and other documents and records reflecting individuals' employment and human resources information, private financial information, and other personally-identifying information, as well as sensitive business information of Company 1 and Company 2. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination. This information is collectively referred to as the "Protected Discovery."

3. Such Protected Discovery materials shall be identified as being subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs, documents) themselves or in an accompanying cover letter.

4. The Protected Discovery produced or made available by the government pursuant to this Protective Order may be used by the Defendants, the Defendants' respective counsel, and any employees or agents of the Defendants respective counsel solely in the defense of this case and for no other purpose. The Protected Discovery is now and will forever remain the property of the United States government. The Defendants' respective counsel will return the Protected Discovery to the government or certify that it has been shredded at the conclusion of the case, unless counsel believes he or she is otherwise required by ethical rule or opinion to retain the Protected Discovery. If counsel believes he or she is subject to an ethical rule or opinion requiring retention of the Protected Discovery, he or she shall securely maintain that Protected Discovery consistent with the remaining terms of the Protective Order.

5. The Defendants' respective counsel and the Defendants shall not disclose any of the Protected Discovery directly or indirectly to any person except those assisting the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case.

6. The Protected Discovery produced by the government shall not be copied or reproduced unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

7. When providing the Protected Discovery materials to an authorized person, the Defendants' respective counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order, provide a copy of the Protective Order, and advise that the

authorized person must comply with the terms of this Protective Order.

    8.    The Defendants and their respective counsel shall store the discovery in a secure place and shall use reasonable care to ensure that it is not disclosed to third persons in violation of the Protective Order.

    9.    In the event that a defendant obtains substitute counsel, that defendant's undersigned counsel agrees to withhold the Protected Discovery materials from new counsel unless and until substituted counsel agrees to be bound by the Protective Order.

    10.    The Defendants' respective counsel shall be responsible for advising his or her client, employees, and other members of the defense team of the contents of this Stipulation and the Protective Order.

    11.    This Stipulation and the Protective Order may be executed through counterpart signatures.

IT IS SO STIPULATED.

Dated: April 26, 2017

PHILLIP A. TALBERT
United States Attorney

/s/ Nirav K. Desai
NIRAV K. DESAI
Assistant United States Attorney

Dated: April 26, 2017

/s/ Nirav K. Desai for Sean Riordan
(authorized on April 24, 2017)
SEAN RIORDAN, ESQ.
Assistant Federal Defender
Counsel for Defendant
TIMOTHY CHAPIN

Dated: April 26, 2017

/s/ Nirav K. Desai for Kresta Daly
(authorized on April 26, 2017)
KRESTA DALY, ESQ.
Counsel for Defendant
MANUEL AGUEROS

| | |
|---|---|
| Dated: April 26, 2017 | /s/ Nirav K. Desai for Robert Wilson<br>(authorized on April 24, 2017)<br>ROBERT WILSON, ESQ.<br>Counsel for Defendant PAUL FOURNIER |
| Dated: April 26, 2017 | /s/ Nirav K. Desai for Dina Santos<br>(authorized on April 26, 2017)<br>DINA SANTOS, ESQ.<br>Counsel for Defendant ROBERT LAUTENSLAGER |
| Dated: April 26, 2017 | /s/ Nirav K. Desai for Tim Pori<br>(authorized on April 25, 2017)<br>TIM PORI, ESQ.<br>Counsel for Defendant JEFFREY REILLEY |
| Dated: April 26, 2017 | /s/ Nirav K. Desai for Donald H. Heller<br>(authorized on April 24, 2017)<br>DONALD H. HELLER, ESQ.<br>Counsel for Defendant JORGE EGUILUZ |

**ORDER**

The Court has reviewed the parties' proposed Stipulation and Protective Order and, for good cause shown, HEREBY ORDERS that the parties' proposed Stipulation and Protective Order is APPROVED with the above-stated terms.

IT IS SO ORDERED.

Dated: April 27, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE