PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>TIMOTHY CHAPIN,<br>MANUEL AGUEROS,<br>PAUL FOURNIER,<br>ROBERT LAUTENSLAGER,<br>JEFFREY REILLEY,<br><br>            Defendants. | 2:17-CR-00053-JAM<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE, FOR ORDER THEREON, AND TO WITHDRAW PETITION FOR ANCILLARY HEARING |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner National Union Fire Insurance Company of Pittsburgh, PA, as assignee and subrogee of NextEra Energy, Inc. ("National Union"), through their undersigned counsel, to compromise and settle their dispute over assets forfeited by defendants Timothy Chapin and Paul Fournier.

1.      WHEREAS, on October 20, 2017, this Court entered a Preliminary Order of Forfeiture ("Fournier Preliminary Order of Forfeiture") pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Based upon the plea agreement entered into between the United States and Paul Fournier, Fournier forfeited to the United States the following property ("Fournier Forfeited Property"):

        a. Approximately $331,956.60 seized from Charles Schwab Account Number 1213-6532, held in the name of Paul Fournier,
        b. Approximately $50,660.10 seized from Vanguard Account Number 0540-

1

    88079073938, held in the name of Paul Fournier,
c. Approximately $7,167.31 seized from Vanguard Account Number 0040-88063595422, held in the name of Paul Fournier,
d. Approximately $1,844.15 seized from Vanguard Account Number 0040-88060247883, held in the name of Paul Fournier,
e. Approximately $15,368.53 seized from Wells Fargo Bank Account Number 5763134987, held in the name of Paul A. Fournier,
f. Approximately $3,375.09 seized from Wells Fargo Bank Account Number 5917189986, held in the name of Paul A. Fournier,
g. Approximately $8,817.73 seized from Wells Fargo Bank Account Number 9894553933, held in the name of Industrial Precision, LLC,
h. Approximately $9,724.22 seized from Wells Fargo Bank Account Number 1483149173, held in the name of Industrial Precision, LLC, and
i. Approximately $2,970.36 seized from Bank of America Account Number 457024979427, held in the name of CK Renewables, LLC.

2. WHEREAS, on May 21, 2018, this Court entered a Preliminary Order of Forfeiture ("Chapin Preliminary Order of Forfeiture") pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c). Based upon the plea agreement entered into between the United States and Timothy Chapin, Chapin forfeited to the United States the following property ("Chapin Forfeited Property"):

  a. Approximately $30,000.00 in U.S. Currency, and
  b. Approximately $165,172.25 in net proceeds from the sale of real property located at 16749 Forty Niner Trail, Lathrop, California, APN: 191-370-530-000.

3. WHEREAS, beginning on October 27, 2017 and June 2, 2018, for at least 30 consecutive days, the United States published notice of the Chapin Preliminary Order of Forfeiture and Fournier Preliminary Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. The Declarations of Publication were filed on November 30, 2017 and December 7, 2018.

4. WHEREAS, on December 22, 2017 and March 30, 2018, petitioner National Union filed Petitions for Ancillary Hearing ("National Union Petitions") alleging an interest in the Chapin Forfeited Property and Fournier Forfeited Property. National Union alleges as follows:

  a. Timothy Chapin, a former employee of an energy generation facility owned and operated by NextEra, conspired with co-defendants Manuel Agueros, Paul Fournier, Robert Lautenslager, Jeffrey Reilley, and Jorge Eguiluz (collectively "Defendants") to defraud NextEra, thereby enriching

themselves at the expense of NextEra. As explained in the Indictment and the Plea Agreements, Defendants conspired to secretly embezzle money from NextEra by submitting false and fraudulent invoices from fictitious vendors – thereby charging NextEra for goods/services NextEra did not receive and causing NextEra to suffer a $2,399,762.67 loss.

   b. Pursuant to a Commercial Crime Policy, National Union reimbursed NextEra for its loss and paid NextEra $1,399,762.67 (which represents NextEra's $2,399,762.67 loss, less a $1 million deductible). In exchange, NextEra assigned National Union its rights of recovery against Defendants. As a result, National Union is legally and equitably subrogated to NextEra's rights against Defendants and any other party potentially responsible for the loss, as set forth in the Assignment and Release.

   c. Defendants Chapin and Fournier pled guilty to their conspiracy against NextEra and forfeited their interest in assets they admit were obtained through the scheme. National Union, as assignee and subrogee of NextEra, asserts its interest in the above-listed assets because they derive from the fraud and thus, are subject to a constructive trust in favor of National Union, as assignee and subrogee of NextEra.

  5. WHEREAS, no other parties have filed petitions in this matter regarding the above-listed assets, and the time in which any person or entity may file a petition has expired.

  6. WHEREAS, on July 19, 2019, this Court entered a Criminal Judgment against Chapin, ordering Chapin to pay restitution to National Union jointly and severally with co-defendant Manuel Agueros in the amount of $1,369,901.21 and to individually pay National Union an additional $29,861.46 in restitution. (Dkt. 205, p. 7.) This Court's Criminal Judgment against Chapin also ordered that the Chapin Preliminary Order of Forfeiture was made final and incorporated into the Judgment. (Id. at p. 8.)

  7. The Attorney General, through the Money Laundering and Asset Recovery Section (MLARS), reviews Restoration Requests submitted by the U.S. Attorney's Office and may restore forfeited property to victims identified in the restitution order. On February 7, 2020, the United States received preliminary approval of restoration of the net proceeds of forfeitable assets toward satisfaction of the restitution order entered against Timothy Chapin and the restitution order expected to be entered against Paul Fournier by MLARS. The grant of restoration is contingent upon the entry of a Final Order

of Forfeiture against the assets, and subsequent asset liquidation and deposit into the Assets Forfeiture Fund. The United States Attorney's Office, Eastern District of California, shall submit a final Restoration Request to MLARS following the entry of the Final Order of Forfeiture and intends to recommend that MLARS remit the proceeds of the Chapin Preliminary Order of Forfeiture and Fournier Preliminary Order of Forfeiture, net of title searches and broker price opinions, which the parties anticipate will be *de minimis,* to National Union. This recommendation is consistent with the United States' previous correspondence with MLARS, which resulted in the February 7th, 2020 pre-approval from MLARS that the funds be so remitted to National Union once the Court enters the appropriate forfeiture order.

8. WHEREAS, on November 17, 2020, this Court entered an Amended Criminal Judgment against Fournier, ordering Fournier to pay restitution to National Union jointly and severally with co-defendants Jeffrey Reilley, Manuel Agueros, and Chapin in the amount of $1,146,258.75; to pay restitution to National Union jointly and severally with co-defendants Jeffrey Reilley, Manuel Agueros, Robert Lautenslager, and Chapin in the amount of $130,406.00; to pay restitution to National Union jointly and severally with co-defendant Chapin in the amount of $29,861.46; and to pay restitution to National Union jointly and severally with co-defendants Manuel Agueros and Chapin in the amount of $93,236.46. (Dkt. 327, p. 7.) This Court's Amended Criminal Judgment against Fournier also ordered that the Fournier Preliminary Order of Forfeiture was made final and incorporated into the Judgment. (Id. at p. 8.)

9. WHEREAS, the United States and National Union (together, the "Parties") have agreed to resolve and settle this matter in full without further litigation under the following terms.

IS HEREBY STIPULATED AND AGREED, by and between the United States and National Union, as follows:

1. This Stipulation is entered into by the United States and National Union to avoid the need for any further litigation of the National Union Petitions under 21 U.S.C. § 853(n). This Stipulation shall not be deemed an admission or concession as to the merits of the National Union Petitions or the United States' defenses to same.

2. The parties agree and stipulate that the Court shall enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) for the following assets:

   a. Approximately $331,956.60 seized from Charles Schwab Account Number 1213-6532, held in the name of Paul Fournier, plus all accrued interest,
   b. Approximately $50,660.10 seized from Vanguard Account Number 0540-88079073938, held in the name of Paul Fournier, plus all accrued interest,
   c. Approximately $7,167.31 seized from Vanguard Account Number 0040-88063595422, held in the name of Paul Fournier, plus all accrued interest,
   d. Approximately $1,844.15 seized from Vanguard Account Number 0040-88060247883, held in the name of Paul Fournier, plus all accrued interest,
   e. Approximately $15,368.53 seized from Wells Fargo Bank Account Number 5763134987, held in the name of Paul A. Fournier, plus all accrued interest,
   f. Approximately $3,375.09 seized from Wells Fargo Bank Account Number 5917189986, held in the name of Paul A. Fournier, plus all accrued interest,
   g. Approximately $8,817.73 seized from Wells Fargo Bank Account Number 9894553933, held in the name of Industrial Precision, LLC, plus all accrued interest,
   h. Approximately $9,724.22 seized from Wells Fargo Bank Account Number 1483149173, held in the name of Industrial Precision, LLC, plus all accrued interest,
   i. Approximately $2,970.36 seized from Bank of America Account Number 457024979427, held in the name of CK Renewables, LLC, plus all accrued interest,
   j. Approximately $30,000.00 in U.S. Currency, plus all accrued interest, and
   k. Approximately $165,172.25 in net proceeds from the sale of real property located at 16749 Forty Niner Trail, Lathrop, California, APN: 191-370-530-000, plus all accrued interest.

3. The United States Attorney's Office, Eastern District of California, shall recommend that National Union receive the proceeds of the Chapin Forfeited Property and Fournier Forfeited Property, net of title searches and broker price opinions, which the parties anticipate will be *de minimis,* to National Union in partial satisfaction of the restitution orders entered in this matter. MLARS has received the United States Attorney's Office's recommendation that National Union receive these proceeds and provisionally granted that outcome. The parties expect that the pre-approval will be made final upon the United States Attorney's Office's formal recommendation, which will be circulated to MLARS following the entry of this stipulation and order. The parties further understand that neither the receipt of these payments in the future nor the execution of this stipulation shall release National Union's right to enforce and collect any outstanding amounts due on the restitution orders or otherwise pursue recovery from the Defendants.

4. Based upon the terms and conditions contained herein, National Union shall withdraw the National Union Petitions, and the same shall be dismissed without prejudice pursuant to Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7).

5. In the event that the final determination by MLARS does not grant National Union remittance of the forfeited funds as described above, this Stipulation shall not be deemed or interpreted as a waiver of National Union's right to assert an interest in the Chapin Forfeited Property and Fournier Forfeited Property, and National Union shall have the right to reinstate the National Union Petitions. If National Union moves to reinstate its Petitions, such a reinstatement shall include the right to file any necessary motions to seek recovery of the full amount and value of the Chapin Forfeited Property and Fournier Forfeited Property, including right to file a petition for ancillary hearing challenging any forfeiture and asserting an interest in the Chapin Forfeited Property and Fournier Forfeited Property.

6. If National Union does not move to reinstate its Petitions within 180 days of its counsel's notification of MLARS' final determination regarding the Chapin Forfeited Property and the Fournier Forfeited Property, National Union shall release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture Chapin Forfeited Property and Fournier Forfeited Property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture of the Chapin Forfeited Property and the Fournier Forfeited Property. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

7. Unless specifically directed by an order of the Court, National Union shall be excused and relieved from further participation in this action.

8. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title and to implement further the terms of this Stipulation.

9. Each party agrees to bear its own costs and attorneys' fees.

10. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

11. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

12. This Stipulation constitutes the entire agreement between the United States and National Union with respect to the National Union Petitions and may not be modified or amended except by written agreement executed by the United States and National Union.  Apart for this Stipulation and the Final Order of Forfeiture, no other documents, nor any representation, inducement, agreement, understanding or promise, constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation.  For purposes of construction, this Stipulation shall be deemed to have been drafted by each of the United States and National Union and shall not, therefore, be construed against the United States and National Union in any subsequent proceeding.

Dated: 6/11/2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated:  6/11/2021

GORDON REES
SCULLY MANSUKHANI, LLP

 /s/ Katherine A. Musbach
Katherine A. Musbach (SBN: 318683)
Scott L. Schmookler, Pro Hac Vice
275 Battery Street, Suite 2000
San Francisco, CA 94111
(312)  980-6798
kmusbach@grsm.com
sschmookler@grsm.com

(Signature authorized by email)

ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) forfeiting the below-listed assets to the United States:

    a. Approximately $331,956.60 seized from Charles Schwab Account Number 1213-6532, held in the name of Paul Fournier, plus all accrued interest,
    b. Approximately $50,660.10 seized from Vanguard Account Number 0540-88079073938, held in the name of Paul Fournier, plus all accrued interest,
    c. Approximately $7,167.31 seized from Vanguard Account Number 0040-88063595422, held in the name of Paul Fournier, plus all accrued interest,
    d. Approximately $1,844.15 seized from Vanguard Account Number 0040-88060247883, held in the name of Paul Fournier, plus all accrued interest,
    e. Approximately $15,368.53 seized from Wells Fargo Bank Account Number 5763134987, held in the name of Paul A. Fournier, plus all accrued interest,
    f. Approximately $3,375.09 seized from Wells Fargo Bank Account Number 5917189986, held in the name of Paul A. Fournier, plus all accrued interest,
    g. Approximately $8,817.73 seized from Wells Fargo Bank Account Number 9894553933, held in the name of Industrial Precision, LLC, plus all accrued interest,
    h. Approximately $9,724.22 seized from Wells Fargo Bank Account Number 1483149173, held in the name of Industrial Precision, LLC, plus all accrued interest,
    i. Approximately $2,970.36 seized from Bank of America Account Number 457024979427, held in the name of CK Renewables, LLC, plus all accrued interest,
    j. Approximately $30,000.00 in U.S. Currency, plus all accrued interest, and
    k. Approximately $165,172.25 in net proceeds from the sale of real property located at 16749 Forty Niner Trail, Lathrop, California, APN: 191-370-530-000, plus all accrued interest.

SO ORDERED this 11th day of June, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE